# In the United States Court of Federal Claims

No. 16-688C
Filed: February 5, 2021
NOT FOR PUBLICATION

| |
|---|
| **MICHAEL HORVATH,** |
| *Plaintiff*, |
| v. |
| **UNITED STATES,** |
| *Defendant*. |

*Nicholas M. Wieczorek*, Clark Hill PLLC, Las Vegas, NV, for the plaintiff.

*Galina I. Fomenkova*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Jane M. Brittan*, U.S. Secret Service, of counsel, for the defendant.

## MEMORANDUM OPINION AND ORDER

### *HERTLING*, Judge

In October 2020, the Court, after denying the plaintiff's motion for class certification, entered judgment for the plaintiff in this case, a suit for overtime pay brought by a U.S. Secret Service member. Following entry of judgment, the plaintiff and his counsel parted ways. The plaintiff's counsel has moved, without authorization from the plaintiff, for attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] The defendant has moved to strike the plaintiff's counsel's motion for lack of standing.

The plaintiff's counsel is neither entitled to seek an award of attorneys' fees under the EAJA under the circumstances presented nor able to overcome the proscription of the Anti-Assignment Act, 31 U.S.C. § 3727. Accordingly, the Court finds that the plaintiff's counsel

---

[1] The Court will refer to the movant as "plaintiff's counsel" for convenience. More accurately, the movant is the plaintiff's *former* counsel; the law firm has withdrawn from its representation of the plaintiff's interests.

lacks standing to seek attorneys' fees and expenses under the EAJA and grants the defendant's motion to strike the plaintiff's counsel's application.[2]

## I.     BACKGROUND

Secret Service Special Agent Michael Horvath, on behalf of himself and similarly situated U.S. Secret Service and Diplomatic Security Service special agents, sought backpay allegedly illegally denied by a regulation that the Federal Circuit found inconsistent with the governing statute.  The Federal Circuit remanded the case in 2018 for this Court to consider whether class certification was appropriate.  *Horvath v. United States*, 896 F.3d 1317, 1322 (Fed. Cir. 2018).

Because the Secret Service demonstrated that Mr. Horvath was not denied overtime pay on account of the application of the invalidated regulation, his interests no longer sufficiently aligned with those of the potential class members to make him an adequate class representative.  Accordingly, the Court denied the plaintiff's motion to certify a class.[3]  *Horvath v. United States*, 149 Fed. Cl. 735, 751 (2020).

Mr. Horvath established his entitlement to overtime pay on grounds independent of the invalidated regulation, and the parties reached a settlement that the amount of damages due to Mr. Horvath was $3,419.81.  (ECF 77.)  The Court entered final judgment for the plaintiff in the amount of $3,419.81, in full satisfaction of his claim.  (ECF 80.)

After the Court entered final judgment, the plaintiff's counsel, Mr. Nicholas Wieczorek, submitted a bill of costs and moved for attorneys' fees and expenses under the EAJA.  (ECF 82 & 83.)  The complaint had been filed by his previous law firm, Morris Polich & Purdy LLP. (ECF 82, Decl. of Nicholas M. Wieczorek ¶ 2.)  Until his withdrawal from Morris Polich & Purdy in 2017, David J. Vendler was the plaintiff's original lead attorney on the case.  (*Id.*)  Mr. Wieczorek, currently with Clark Hill PLLC ("Clark Hill"), took over from Mr. Vendler and was the lead lawyer representing Mr. Horvath and the putative class from 2017 to 2020.  (*Id.* ¶¶ 1, 3.)

Following entry of the judgment, Mr. Horvath ceased communicating with Mr. Wieczorek and Clark Hill "with respect to any post judgment motions including th[e] motion for award of attorney's fees."  (*Id.* ¶ 7.)  Clark Hill notified Mr. Horvath of its "withdrawal from further representation of his interests in this matter . . . based upon his declining to further

---

[2] The defendant also has moved to strike the plaintiff's counsel's bill of costs.  The Court defers ruling on the bill of costs, pending supplemental briefing.

[3] The plaintiff also argued that the Court should certify a broader class of all Secret Service and Diplomatic Security special agents who may have been denied proper pay under 5 U.S.C. § 5542(e) on account of any basis at all, not just due to the invalidated regulation.  Because the plaintiff failed to show that the United States acted on grounds generally applicable to such a class, the Court denied the plaintiff's effort to certify a broader class.  *Horvath*, 149 Fed. Cl. at 745-47.

cooperate with [its] efforts to obtain an award of attorney's fees and costs in this matter . . . ." (*Id.* ¶ 8.) As a result of the severed attorney–client relationship, Mr. Horvath did not authorize, participate in, or approve of his counsel's motion.

Until their relationship was terminated, his attorneys represented Mr. Horvath pursuant to a contingency-fee agreement from June 1, 2016. (ECF 87, Decl. of Nicholas M. Wieczorek ¶ 2.) This fee agreement, initially between Morris Polich & Purdy and Mr. Horvath and assumed by Clark Hill, included several relevant provisions:

- "[T]his is contingency fee contract and Client shall have no obligation to pay any fee unless there is recovery" (*id.* ¶ 3);

- "[A]ll costs related to the Action will be advanced by Attorneys.  To the extent that there is a recovery in the Action by way of settlement or judgment, all of Attorneys' costs and fees shall be paid to Attorneys on a first-dollar-out basis" (*id.* ¶ 4);

- "Attorneys and Client agree that all Attorneys' fees or costs which are approved by the Court are the sole and exclusive property of Attorneys" (*id.* ¶ 5); and

- "Client may discharge Attorneys at any time.  Client recognizes that if Client terminates Attorneys without cause, Attorneys may seek to recover the reasonable value of Attorneys' services from Client, or, alternatively, at Client's option, Client may choose to withdraw as class representative and allow Attorneys to continue as class counsel and to prosecute the class action case with another representative plaintiff."  (*Id.* ¶ 6.)

This agreement was the only agreement entered between Mr. Horvath and his attorneys regarding services provided as part of this case, and it was never modified or revoked.  (*Id.* ¶¶ 2, 7.)

The defendant has moved to strike the plaintiff's counsel's motion for attorneys' fees and expenses for lack of standing.  (ECF 85.)  The issue has been fully briefed.

## II.   DISCUSSION

As a threshold jurisdictional issue, the "'party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing].'" *Myers Investigative and Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)) (modifications in original).  Standing requires (1) an "injury in fact" (2) "fairly traceable to the challenged action of the defendant" (3) "likely" to be "redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

To establish standing, the plaintiff's counsel must first demonstrate an "injury in fact." He may establish an injury in fact by showing that there has been "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560.  The plaintiff's counsel "must be within the class of persons legally protected by the statute under which [he] seeks relief." *Willis v. Gov't*

*Accountability Off.*, 448 F.3d 1341, 1344 (Fed. Cir. 2006).  In other words, he must have "a right to claim fees under the statute." *Id.*  Alternatively, if no statute grants him such a right, the plaintiff's counsel also may establish an injury in fact by showing that he has a right through assignment.  *See Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 271 (2008) (holding that an assignee of a legal claim for money owed has standing).

### A.     Right to Claim Fees

The EAJA provides that "a court shall award to a *prevailing party* . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The Supreme Court has held that the term "prevailing party," as used in the EAJA, refers to the actual litigant, not the litigant's attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) ("The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney.").  Because the EAJA grants the right to the litigant, not the attorney, attorneys "lack any substantive rights sufficient to confer standing."  *Shealey v. Wilkie*, 946 F.3d 1294, 1298 (Fed. Cir. 2020).

The plaintiff's counsel notes that the litigant in *Shealey* had discharged his attorneys, hired new counsel, and filed a written objection to the former attorneys' request for fees.  (ECF 87 at 6 n.2.)  While the Federal Circuit did at points in the opinion consider the relevance of the litigant's opposition to the fee request, the holding in *Shealey* was not dependent on the litigant's objection to his former attorneys' request.  The Federal Circuit instead relied on *Ratliff,* its earlier decision in *Willis*, and the plain language of the EAJA to hold that attorneys lack any substantive rights under the EAJA to confer standing on their own.  *See Shealey*, 946 F.3d at 1298.  The right to assert a claim under the EAJA remains Mr. Horvath's and does not belong to Mr. Wieczorek or Clark Hill.  *See id.* at 1297-98.  The absence of an objection from Mr. Horvath is irrelevant to the issue of whether Mr. Wieczorek and Clark Hill have standing to seek attorneys' fees under the EAJA.

Mr. Horvath ceased communicating with his counsel "with respect to any post judgment motions including th[e] motion for award of attorney's fees."  (ECF 82, Decl. of Nicholas M. Wieczorek ¶ 7.)  Clark Hill withdrew "from further representation of [Mr. Horvath's] interests in this matter . . . based upon his declining to further cooperate with [its] efforts to obtain an award of attorney's fees and costs in this matter . . . ."  (*Id.* ¶ 8.)  Mr. Horvath has chosen not to exercise his right under EAJA; his attorney cannot exercise that right without him.  *See Willis*, 448 F.3d at 1346 ("The client's lack of interest does not transfer the client's right to the attorney.").

The plaintiff's counsel argues that "[t]he contingency fee contract transferred to counsel the rights to fees since it incurred the time and advanced the costs of litigation."  (ECF 87 at 3.)  To show that the plaintiff was obligated to turn over to his counsel any award of fees under the EAJA, the plaintiff's counsel relies on *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577 (Fed. Cir.

4

1991) (per curiam), and its subsequent citation in *Raney v. Fed. Bureau of Prisons*, 222 F.3d 927 (Fed. Cir. 2000) (en banc). That reliance is misplaced.

In *Phillips*, the meaning of the term "incurred" in the EAJA was in question. The Federal Circuit held "that to be 'incurred' within the meaning of a fee shifting statute, there must also be an express or implied agreement that the fee award will be paid over to the legal representative." *Phillips*, 924 F.2d at 1583. Although *Phillips* discussed the litigant's obligation to pay her attorney under the fee agreement, it did not create an attorney's right to claim fees under the statute. It held just the opposite:

> As the statute requires, any fee award is made to the "prevailing party," not the attorney. Thus, [the litigant's] attorney could not directly claim or be entitled to the award. It had to be requested on behalf of the party. With this predicate, we construe the fee arrangement between [the litigant] and her attorney to mean that if an award of attorney fees is obtained on her behalf she is obligated to turn it over to her attorney. In this sense, [the litigant] incurs the attorney fees that may be awarded her.

*Id.* at 1582. In a footnote, *Raney* cited to this language from *Phillips* to note that an adjudicator was free to award a reasonable fee under the Back Pay Act to a third-party pursuant to an express or implied agreement. *See Raney*, 222 F.3d at 933 n.4. Like *Phillips*, *Raney* did not create a third-party right to claim fees under the statute; the litigant himself had appealed an arbitrator's decision denying market-rate fees for work completed by his attorneys. *See id.* at 929.

The contingency fee agreement in this case neither empowers Mr. Horvath's former counsel on their own behalf to seek fees in the first instance nor otherwise alters the normal requirement that only the litigant may seek fees; it addresses only what happens if the fees are awarded. The Federal Circuit has noted that "[u]nder fee-shifting statutes in general, there is a distinction between the party's entitlement to claim an award of fees and the attorney's right to receipt of fees that are awarded." *Willis*, 448 F.3d at 1347. If the Court were to award Mr. Horvath fees under the EAJA, he may be obligated to pay those fees to his attorneys under the fee agreement. That fee agreement does not alter the requirement that Mr. Horvath himself must seek the award under the EAJA.

The plaintiff's attorney has not overcome the binding precedent against his position. The Federal Circuit, following the Supreme Court's ruling in *Ratliff*, explicitly held that attorneys lack any substantive rights under the EAJA sufficient to confer standing. *Shealey*, 946 F.3d at 1298. Mr. Horvath has not requested attorneys' fees and expenses under the EAJA, and his former attorney has no right to do so, even if the attorney "may have a beneficial interest or a contractual right" to his fees. *See Ratliff*, 560 U.S. at 593. Accordingly, the plaintiff's counsel cannot show an injury in fact due to an invasion of a legally protected interest under the EAJA.

### B. Assignment

To establish an injury in fact, the plaintiff's counsel may show that he has secured a right through assignment by the plaintiff. *See Sprint Commc'ns Co.*, 554 U.S. at 271. In this case, any right to attorneys' fees stems from the plaintiff's suit against the federal government. Because a claim for fees in this case would be against the federal government, the plaintiff's counsel must overcome the Anti-Assignment Act, which generally prohibits assignment of claims against the federal government. *See Shealey*, 946 F.3d at 1298.

The plaintiff's counsel suggests that his contingency-fee agreement with Mr. Horvath was an assignment of the EAJA claim against the government. (*See* ECF 87 at 5-6 (arguing that "where there is a contractual fee agreement between the party and counsel referencing assignment of rights and benefits to attorney's fees incurred by the attorney, the contract controls the entitlement").) As recited previously, the fee agreement here provided that "[t]o the extent that there is a recovery in the Action by way of settlement or judgment, all of Attorneys' costs and fees shall be paid to Attorneys on a first-dollar-out basis." (ECF 87, Decl. of Nicholas M. Wieczorek ¶ 4.) It further provided that "Attorneys and Client agree that all Attorneys' fees or costs which are approved by the Court are the sole and exclusive property of Attorneys." (*Id.* ¶ 5.)

The plaintiff's counsel argues that finding an assignment is consistent with case law interpreting *Ratliff*, and that the EAJA fees may be paid directly to attorneys. The plaintiff's counsel's case law on direct payment is no help to him because he skips over the threshold standing question of whether the attorney can seek an award under the EAJA in the first instance. The district court case cited by the plaintiff's counsel, *Boykins v. Colvin*, No. 12-cv-960, 2014 WL 3585304 (D. Colo. July 21, 2014), provides that a litigant can assign the right to award but specifically notes the applicability of the Anti-Assignment Act to such an assignment.

Regardless of whether the language in the fee agreement could be construed as an assignment, the plaintiff's counsel cannot overcome the Anti-Assignment Act. That Act provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). The fee agreement here was executed on June 1, 2016, and it is the only written fee agreement between Mr. Horvath and his attorneys regarding services in this case. (ECF 87, Decl. of Nicholas M. Wieczorek ¶ 2.) In June 2016, there was neither any EAJA claim allowed, nor was the amount of such a claim decided; indeed, as of today there still is no liquidated EAJA claim to assign. *See Geospatial Tech. Assocs., LLC v. United States*, No. 16-346C, 2019 WL 6712094 (Fed. Cl. Nov. 5, 2019) (recognizing that unliquidated claims against the government are generally rendered ineffective under the Anti-Assignment Act).

The government may waive application of the Anti-Assignment Act, but it has not done so in this case. *See Shealey*, 946 F.3d at 1298 (noting that the Anti-Assignment Act "generally prohibits the assignment of claims against the government unless the government has waived an objection to the assignment").

Although the plaintiff's counsel may show an injury in fact through an assignment by the plaintiff, the EAJA claim is against the government and is subject to the Anti-Assignment Act. The plaintiff's counsel cannot meet the requirements specified in the Anti-Assignment Act, and the government has not waived an objection to the assignment. Accordingly, the plaintiff's counsel is unable to show that there has been an injury in fact through assignment. As a result, he lacks standing to pursue a claim under the EAJA.

### III.     CONCLUSION

The plaintiff's counsel is not entitled to award under the EAJA, and he cannot overcome this defect through an alleged assignment due to the Anti-Assignment Act. As a result, the plaintiff's counsel has not shown an injury in fact and, therefore, lacks standing to seek attorneys' fees and expenses under the EAJA.

The defendant's motion to strike the plaintiff's counsel's motion for attorneys' fees under the EAJA is **GRANTED**.

The plaintiff has separately filed a bill of costs. Costs are taxed under Rule 54(d) of the Rules of the Court of Federal Claims, under the authority of provisions of Title 28 of the U.S. Code. As with attorneys' fees, costs may, under Rule 54(d), only be awarded to a "prevailing party." The defendant has therefore moved to strike the bill of costs as well.

The defendant's motion to strike the bill of costs is **DEFERRED**.

Although filed after entry of the judgment, a bill of costs might relate back to the date of the final judgment, at which time the plaintiff was still represented by Mr. Wieczorek and Clark Hill. The defendant's briefing is focused more on the claim for attorneys' fees and expenses under the EAJA and subsumes within that discussion the bill of costs. The date on which a bill of costs ripens (the date of entry of final judgment or the date the bill of costs is filed) is not addressed directly by the parties. If the defendant continues to oppose the plaintiff's counsel's bill of costs, it shall file a supplemental memorandum not to exceed ten (10) pages of text by **February 26, 2021**. In the event the defendant files a supplemental memorandum on the bill of costs, the plaintiff's counsel may file a reply memorandum not to exceed ten (10) pages of text by **March 8, 2021**.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**